UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony D. King, #41467-074, ) | C/A No. 9:09-00323-HMH-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| Federal Bureau of Prisons; M. Mitchell (in official ) | |
| capacity) Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Anthony D. King (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner was convicted in the United States District Court for the Eastern District of Tennessee and sentenced to ninety-seven (97) months of imprisonment for the offense of conspiracy to manufacture five hundred (500) grams or more of methamphetamine. Presently, Petitioner is an inmate at the Federal Correctional Institution, in Edgefield, South Carolina, a facility of the United States Bureau of Prisons (BOP). Because Petitioner's custodian is located within the District of South Carolina, this Court has jurisdiction over Petitioner and his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[2]

Under established local procedure in this judicial district, a careful review has been

---



[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] In his petition, Petitioner requests "that this Court would determine that KING has not committed a 'crime of violence' and that his current conviction is for a non-violent offense." (Pet. at 8.) It is unclear from this request whether Petitioner is attempting to challenge his sentence enhancement resulting from a member of the conspiracy being charge with possession of a firearm. To the extent that Petitioner may be attempting to challenge his sentence, he must seek that relief through a motion filed in the sentencing court pursuant to 28 U.S.C. § 2255.

made of the *pro se* petition filed in this case. The review was conducted pursuant to the Rules Governing Section 2254 Cases[3] and the Anti-Terrorism and Effective Death Penalty Act of 1996. As Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even when considered under this less stringent standard, however, the undersigned finds and concludes that the *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F. 2d 387 (4th Cir. 1990).

## DISCUSSION

Title 18 U.S.C. § 3621(e)(2)(B) grants the BOP discretion to reduce, up to one year, the sentence of a prisoner "convicted of a nonviolent offense" who has "successfully complet[ed] a treatment program." The BOP has established a Residential Drug Abuse Treatment Program (RDAP). Successful completion of the RDAP could result, at the discretion of the BOP, in early release for prisoners eligible under 28 C.F.R. § 550.58. *See Lopez v. Davis*, 531 U.S. 230 (2001) (BOP regulation categorically excluding prisoners from early release is permissible exercise of BOP's discretion.). The BOP policy establishes categories of inmates who are not eligible for early release upon completion of RDAP, including "inmates whose current offense is a felony . . . [t]hat has as an element, the actual, attempted, or threathened use of physical force against the person or

---

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 4(b).

2

property of another," which Petitioner contends could be applicable to him as he received a sentence enhancement because a member of the conspiracy was charged with possession of a firearm. 28 C.F.R. § 550.58(a)(1)(vi)(A).

Petitioner claims that BOP regulation categorically excludes from eligibility for early release those inmates currently serving a sentence enhanced by a firearm possession charge which violates the Administrative Procedures Act (APA). ( Docket Entry # 1 at 5.) Liberally construing his petition, it appears that Petitioner may also be attempting to claim a violation of his constitutional right of Equal Protection when he asks, "[h]ow does [the BOP's position that law from the 9th Circuit does not apply to those incarcerated within the 4th Circuit] fit into the Statement of the Bureau of Prisons that each inmate will be treated equally without one prisoner receiving benefits over another?" (Docket Entry #1 at 6.) Even though Petitioner contends in his petition that the BOP has determined that he is ineligible for early release upon successful completion of the Residential Drug Abuse Program (RDAP), Petitioner offers documents in support of his petition that include specific statements from the BOP that the determination of eligibility has not been made because Petitioner has not successfully completed the RDAP. (Docket Entry #1-2).

## Administrative Procedures Act Claim

Petitioner's claim that the BOP regulation violates provisions of the APA is not ripe for adjudication. *Virginia Soc'y for Human Life, Inc. v. FEC* , 263 F.3d 379, 389 (4th Cir. 2001) ("Ripeness concerns the 'appropriate timing of judicial intervention.'") quoting *Renne v. Geary*, 501 U.S. 312, 320 (1991). Ripeness, along with standing, mootness, and political question, are "doctrines that cluster about Article III" of the United States Constitution; *Allen v. Wright*, 468 U.S. 737, 750 (1984); and stem from the restriction in Article III that a federal court's jurisdiction is

3

limited to cases or controversies. Ripeness is a doctrine used to evaluate whether an actual case or controversy exists, because a court cannot decide a claim that is not ripe. *See Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732-34 (1998).

To determine whether a claim is ripe, the court "must balance 'the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration.'" *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002) (citations omitted). While the duration of a petitioner's imprisonment relating to a custodian's denial of early release based on alleged misapplication of law is an appropriate issue for a habeas petition, a claim for relief "is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation omitted). Here, Petitioner's grounds for relief are not ripe because he has not successfully completed the RDAP, which is a prerequisite to being considered for early release. Petitioner's eligibility for participation in and successful completion of the RDAP, which must occur to create his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B), are future contingencies. Hence, at this stage, the duration of Petitioner's imprisonment based on possible early release is not a controversy, and the length of Petitioner's imprisonment would be unaffected by this Court's dismissal of this petition without prejudice. *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (A case is ready for judicial decision "when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties.").

**Equal Protection Claim**

Assuming Petitioner is claiming a violation of his Equal Protection rights, it would be based on disparate treatment of similarly situated BOP prisoners. To maintain a valid Equal



4

Protection claim, Petitioner must show that the BOP is treating him differently from others similarly situated based on intentional or purposeful discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Petitioner may be arguing that disparate treatment is based on the BOP's implementation of a Ninth Circuit decision only in BOP facilities within the Ninth Circuit rather than in all facilities nationwide. *See Arrington v. Daniels*, 516 F.3d 1106, 1116 (9th Cir. 2008) (Invalidating policy because BOP's "promulgation of [28 C.F.R. § 550.58] was arbitrary and capricious because it failed to articulate a rationale for its categorical exclusion of a class of nonviolent offenders from eligibility for early release."). However, the petition does not reveal that Petitioner has completed the RDAP program, which is a prerequisite for eligibility for early release. *See* 18 U.S.C. § 3621(e)(2)(B) (early release only available to prisoner "after successfully completing a treatment program"). Thus, because Petitioner has not completed the substance abuse program, he is not similarly situated to prisoners in the Ninth Circuit who are eligible for early release based on completion of the RDAP. As such, Petitioner's Equal Protection claim is, at best, premature.

Further, not only must Petitioner be similarly situated, he must show purposeful discrimination for an Equal Protection claim. However, the Ninth Circuit does not have authority outside of the Ninth Circuit; *see Virginia Society for Human Life, Inc. v. FEC*, 263 F.3d 379, 393 ($th Cir. 2001) ("principle that a federal court of appeals's decision is only binding within its curcuit"); and the BOP is therefore not required to apply a Ninth Circuit decision nationwide. Petitioner is housed in a BOP facility within the Fourth Circuit's jurisdiction, and the BOP is not required to apply the law established in a Ninth Circuit case, such as *Arrington v. Daniels*, to prisoners housed within the territorial jurisdiction of the Fourth Circuit, nor does a failure by the BOP to apply other Circuits' law in this Circuit constitute discrimination. Hence, the petition fails



5

to state an Equal Protection claim.

## RECOMMENDATION

Rule 4 of the Rules Governing Section 2254 Cases states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Accordingly, it is recommended that the District Judge dismiss the petition without prejudice and without requiring a response from the Respondents. **Petitioner's attention is directed to the important notice on the next page.**

Bristow Marchant
United States Magistrate Judge

March 2
~~February~~_____, 2009
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7

