IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Anthony D. King, #41467-074, | ) |
| | ) |
| Petitioner, | ) C.A. No. 9:09-323-HMH-BM |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| Federal Bureau of Prisons; M. Mitchell | ) |
| (in official capacity) Warden, FCI Edgefield, | ) |
| | ) |
| Respondents. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Anthony D. King ("King"), proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In his Report and Recommendation, Magistrate Judge Marchant recommends dismissing the petition without prejudice and without requiring a response from Respondents. For the reasons set forth below, the court adopts the Report and Recommendation and dismisses the petition.

### I. FACTUAL AND PROCEDURAL BACKGROUND

King is an inmate at the Federal Correctional Institution in Edgefield, South Carolina, a United States Bureau of Prisons ("BOP") facility. In the United States District Court for the Eastern District of Tennessee, King pled guilty to conspiracy to manufacture five hundred (500)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

grams or more of methamphetamine and was sentenced to ninety-seven (97) months' imprisonment.  (King's § 2241 Pet. 3.)

King challenges the BOP's "determination that he is not eligible for the early release benefits for successfully completing the Residential Drug Abuse Program [("RDAP")]" based on his sentence enhancement from a member of the drug conspiracy being charged with possessing a firearm.  (Id. at 2.)  King seeks a "Judicial Determination that Sentence Enhancements, By Themselves, Do Not Make an Inmate Ineligible For Benefits Under Title 18 U.S.C. § 3621(e)."  (Id. at 1.)  28 C.F.R. § 550.58(a)(vi)(B), the BOP regulation implementing § 3621, provides that "inmates whose current offense is a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" are not eligible for early release.

On June 16, 2008, King filed an "Inmate Request to Staff" form asking to be advised if he is "eligible for a reduction of sentence if [he] complete[s] RDAP."  (Id. Attach. 7 (Inmate Request to Staff Form).)  On June 20, 2008, Dr. Tammara G. Bryan ("Dr. Bryan") replied stating "This is in response to your inmate request in which you are asking about your eligibility for [RDAP] Early Release benefit.  Since you have not yet been interviewed for the program, a determination of eligibility of benefits has not been officially determined."  (Id. Attach. 9 (Federal BOP Psychology Data System Letter ("June letter")).)

In response, King filed an informal complaint stating that the "BOP Policy concerning the early release for successful completion of RDAP has been found to be capricious by several appellate courts.  Dr. Bryan has informed me that she has not officially determined my eligibility. Request that she please make an official determination."  (King's § 2241 Pet. Attach. 8 (Informal

2

Resolution Form).) On July 7, 2008, King requested administrative review, stating "I have been advised by the RDAP Coordinator that due to my 2-point gun enhancement, I 'will be precluded from receiving certain bureau program benefits, to include the early release benefit.' . . . Please reverse the determination of the RDAP Coordinator and review my current conviction for a crime of violence as defined by statute." (Id. Attach. 10 (Request for Administrative Remedy Form).) King made similar requests on August 12, 2008, and September 12, 2008. (Id. Attachs. 12 (Regional Administrative Remedy Appeal) & 14 (Central Office Administrative Remedy Appeal).) In each instance, King was notified that his eligibility had not been officially determined. (Id. Attachs. 13 (Regional Administrative Remedy Appeal Response) & 15 (Administrative Remedy Response).)

Magistrate Judge Marchant recommends dismissing King's petition because his claim that the BOP regulation violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, et. seq., is not ripe for adjudication. (Report & Recommendation 3.)

## II. Discussion of the Law

King filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that some of King's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claim. However, King raised three specific objections.

First, King objects to the magistrate judge's refusal to address King's challenge to his sentence enhancement. (Objections 1-2.) In his Report, Magistrate Judge Marchant writes:

> In his petition, [King] requests 'that this Court would determine that King has not committed a crime of violence and that his current conviction is for a non-violent offense.' . . . It is unclear from this request whether [King] is attempting to challenge his sentence enhancement resulting from a member of the conspiracy being charge [sic] with possession of a firearm. To the extent that [King] may be attempting to challenge his sentence, he must seek that relief through a motion filed in the sentencing court pursuant to 28 U.S.C. § 2255.

(Report & Recommendation 1 n.2 (internal citation omitted).) King argues that he clearly is challenging his sentence enhancement due to the effect it has on his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B). (Objections 1-2.) King's objection is without merit. As the magistrate judge explains, in order to challenge his sentence enhancement, King must file a motion pursuant to 28 U.S.C. § 2255. See § 2255(a) (allowing prisoner in custody to "move the court which imposed the sentence to vacate, set aside or correct the sentence").

In addition, King has failed to show that a § 2255 motion is inadequate or ineffective. Habeas relief pursuant to § 2241 is available only if a § 2255 motion is "inadequate or ineffective to test the legality of the detention." See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999).

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of

>which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. The court cannot entertain this claim in a § 2241 petition. King's objection is therefore without merit.

Second, King objects to the magistrate judge's conclusion that the Ninth Circuit does not have authority outside of the Ninth Circuit. (Objections 3.) According to King, "[w]hile it may be true that this Circuit has no obligation to follow case laws from another Circuit, it also through the rule of comity, [should] at least review and require an answer from Respondent." (Id.)

In Arrington v. Daniels, 516 F.3d 1106, 1114-16 (9th Cir. 2008), the Ninth Circuit held that § 550.58 is arbitrary and capricious because it fails to articulate a rationale for its categorical exclusion of a class of nonviolent offenders from eligibility for early release. The BOP has only applied the Arrington holding to inmates within the Ninth Circuit. "Most of the courts outside of the Ninth Circuit which have considered the validity of [28 C.F.R. § 550.58] in light of Arrington have found the decision not to be persuasive and have declined to follow it." Snipe v. Dept. of Justice, No. 3:08-CV-22, 2008 WL 5412868, at *3 (N.D. W. Va. Dec. 23, 2008). Furthermore, the United States Supreme Court has held that § 550.58 is a permissible exercise of the BOP's discretion under § 3621(e)(2)(B). Lopez v. Davis, 531 U.S. 230, 239-44 (2001).

Accordingly, the Ninth Circuit's holding in Arrington, is not controlling on this court and King's objection is without merit. See e.g., Virginia Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 393 (4th Cir. 2001) (invalidating nationwide injunction explaining that "broad scope of the injunction has the effect of precluding other circuits from ruling on the

constitutionality of [a federal regulation]. Such a result conflicts with the principle that a federal court of appeals's decision is only binding within its circuit.").

Lastly, King objects to the magistrate judge's conclusion that his claim that the BOP regulation violates provisions of the APA is not ripe for adjudication. King argues that "this matter before this Honorable Court is ripe for adjudication" because he has been informed that inmates in his position are precluded from receiving the early release benefits. (Objections 4.) Dr. Bryan writes in the June letter,

> [i]n response to your question regarding the 2 point gun enhancement, according to the [BOP] Program statement . . . an inmate who was convicted of 21:USC:846 [sic] or 841, and received a two-level enhancement for possession of a dangerous weapon (firearm), will be precluded from receiving certain [BOP] program benefits, to include the early release benefit.

(King's § 2241 Pet. Attach. 9 (June letter).) Dr. Bryan also noted, however, that King had not been interviewed for the program and a determination of eligibility of benefits had not been officially determined in King's case. King was repeatedly informed during administrative review that because he had not interviewed for RDAP, there were no formal determinations of his eligibility. Furthermore, only inmates who have successfully completed RDAP are eligible for early release. 18 U.S.C. § 3621(2). King has not completed RDAP and therefore has not been denied the early release benefit.

Accordingly, as the magistrate judge explains, King's claim is not ripe for review as it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (Report & Recommendation 4 (internal quotation marks omitted).); see also Miller v. Brown, 462 F.3d 312, 319 (4th Cir. 2006) ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future

6

uncertainties."). Based on the foregoing, King's objection is without merit. After a thorough review of the magistrate judge's Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that King's § 2241 petition, docket number 1, is dismissed without prejudice and without requiring a response from Respondents.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
March 23, 2009

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.